IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMON LEVI HUNTER,

      **Plaintiff,**

      v.                                                          CASE NO. 23-3262-JWL

(FNU) SCHMIDT, and
(FNU) RUBKE,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the McPherson County Jail in McPherson, Kansas. On January 31, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until February 16, 2024, in which to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.

The MOSC was mailed to Plaintiff at his current address of record and was returned as undeliverable. (Doc. 5.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff alleges police brutality, excessive force, and breaking and entering, based on an incident occurring on December 3, 2021. "It is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 and *Bivens*

1

claims." *Herrera-Zamora v. Crosby*, 769 F. App'x 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (§ 1983); *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens*)). "Federal law only controls the issue of when the federal cause of action accrued." *Id*. (citing *Fratus*, 49 F.3d at 675). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

The Court found in the MOSC that the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). The tolling or suspension is set forth in Kansas Supreme Court ("KSC") Administrative Order 2020-PR-016, as amended by KSC Administrative Order 2020-PR-32.

All of Plaintiff's claims relate to an incident on December 3, 2021. Even considering the KSC's suspension or tolling, Plaintiff's claims are still untimely. Plaintiff's claims accrued on December 3, 2021, after the reinstatement on April 15, 2021. Plaintiff filed his Complaint on December 28, 2023. It thus appears that any events or acts of Defendants took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). The Court found in the MOSC that Plaintiff has not alleged facts suggesting that he would be entitled to additional statutory or equitable tolling.

The Court's MOSC provided that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice as barred by the statute of limitations." (Doc. 4, at 5.) Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his claims should not be dismissed as barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

Dated February 20, 2024, in Kansas City, Kansas.

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**